

**FILED**

1:16 pm, 2/12/21

**Margaret Botkins
Clerk of Court**

Kelly A. Rudd (Wy. Bar No. 6-3928) (rudd@bcrattorneys.com)
Christine Lichtenfels (Wy. Bar No. 5-2802) (christine@bcrattorneys.com)
Baldwin, Crocker & Rudd, P.C.
337 Garfield Street
P.O. Box 1229
Lander, WY  82520
(307) 332-3385

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| HYDRO HORSE 1, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 21-CV-22-F |
| v. ) | |
| ) | |
| THE BURLINGTON INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff HYDRO HORSE 1, INC. ("Hydro Horse") alleges as follows:

**I.     NATURE OF THE ACTION**

1.     This case arises from The Burlington Insurance Company's ("Burlington") refusal to provide the insurance benefits that were promised to Hydro Horse.

This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.  Hydro Horse seeks a determination that Defendant Burlington has a duty to defend and a duty to indemnify Hydro Horse pursuant to the Commercial General Liability policy issued to Hydro Horse by Burlington with respect to an underlying lawsuit ("the Lawsuit") filed against Hydro Horse.  The Lawsuit involves a claim for personal injuries against Hydro Horse.  A

copy of the Complaint in the Lawsuit is attached as Exhibit A. A copy of the insurance policy that Burlington contends it issued to Hydro Horse is attached as Exhibit B.

**II.    PARTIES**

2.      Plaintiff, Hydro Horse, is a corporation organized under the laws of the State of Oregon and has its principal place of business in Merrill, Oregon.

3.      Defendant, The Burlington Insurance Company, is a corporation organized under the laws of the State of North Carolina and has its principal place of business in Burlington, North Carolina.

**III.   JURISDICTION**

4.      This Court has subject matter jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

5.      An actual justiciable controversy between Hydro Horse and Burlington exists within the meaning of 28 U.S.C. § 2201 regarding whether Burlington has a duty to defend or indemnify Hydro Horse with respect to the claims asserted in the Lawsuit, as more particularly described below.

6.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

**IV.     THE UNDERLYING LAWSUIT**

8.     Hydro Horse designs and fabricates underwater treadmill systems for horses (also known as aquatreds or aquacisers) as well as post-surgery recovery pools.

9.     In 2016, Chuck Pollard and his wife purchased an in-ground aquatic horse treadmill from Hydro Horse.  Hydro Horse began installation of the in-ground aquatic horse treadmill system at the Pollards' property in December 2016.

10.     According to the Lawsuit, Hydro Horse selected all component parts for the system sold to the Pollards, including the boiler that would be used to heat the pool water.  The Lawsuit alleges that Hydro Horse selected a boiler different than what the Pollards wanted (natural gas v. propane).

11.     The Lawsuit further alleges that the contractor selected by Hydro Horse to install the in-ground treadmill system improperly connected the natural gas boiler to the propane gas line at the Pollards' barn.  Despite the fact that a natural gas boiler fueled by propane gas burns improperly, resulting in high levels of carbon monoxide, the Lawsuit alleges that Hydro Horse did not vent the boiler; did not warn the Pollards that the treadmill could produce dangerous levels of carbon monoxide; did not install, or recommend that the Pollards install, a carbon monoxide alarm; did not provide any system installation manuals, warranties or warnings; and, provided only minimal training on how to use the Hydro Horse system to the Pollards.

12.     The Lawsuit alleges that, on March 10, 2017, the second day the Pollards used the Hydro Horse system, plaintiff Saije Pollard entered the barn and turned on the Hydro Horse system.  The Lawsuit alleges that, as the system heated up, the natural gas boiler, burning propane gas, created high levels of carbon monoxide in the barn.  The Lawsuit alleges that, as she

worked in and around the Hydro Horse system, the carbon monoxide entered plaintiff Saije Pollard's bloodstream, eventually rendering her unconscious.

13. The Lawsuit alleges that as a result of Hydro Horse's conduct, plaintiff Saije Pollard suffered a permanent brain injury and various medical sequalae related thereto. The Lawsuit further alleges that plaintiff Chuck Pollard suffered emotional trauma and mental injury from witnessing his daughter's critical condition and near death.

14. Based on the foregoing allegations, the Lawsuit asserts several claims for relief against Hydro Horse including negligence, recklessness, and willful and wanton misconduct; and, negligent infliction of emotional distress.

15. The Lawsuit includes specific requests for relief including, but not limited to:

    a. On behalf of plaintiff Saije Pollard:

        1. Medical expenses;

        2. Physical, mental, and emotional pain and suffering damages;

        3. Loss of enjoyment of life;

        4. Loss of earnings and earning capacity;

        5. Past and future disability;

        6. Caretaking expenses for necessary help in the home;

        7. Loss of two competition horses;

        8. Punitive damages; and

        9. Costs associated with the Lawsuit.

    b. On behalf of plaintiff Chuck Pollard:

        1. Mental and emotional pain and suffering damages;

        2.        Loss of enjoyment of life;

        3.        Punitive damages; and

        4.        Costs associated with the Lawsuit.

**V.    THE INSURANCE CONTRACT**

16.    The Burlington Insurance Company issued policy number 257BW36138 ("the Policy") to Hydro Horse 1, Inc. for the policy period of June 29, 2016 to June 29, 2017. Burlington has provided a certified copy of the Policy which sets forth the following disclaimer: "[n]o representation or warranty is made that this copy is identical in all respects to the policy actually issued to the policy holder." *See* Exhibit B.

17.    The Policy provides commercial general liability limits of insurance of $1,000,000 each occurrence and $2,000,000 general aggregate. The Policy also includes a $5,000 per occurrence medical expense limit. Additionally, the Policy includes a $2,000,000 Products-Completed Operations Aggregate Limit.

18.    Hydro Horse 1, Inc. is the named insured on the Policy.

**VI.    HYDRO HORSE DEMAND FOR COVERAGE AND BURLINGTON'S DENIAL**

19.    Before the Lawsuit was filed, upon receiving notice of the plaintiffs' alleged injuries, Hydro Horse tendered plaintiffs' potential personal injury claims to Burlington seeking coverage under the Policy.

20.    By letter dated April 20, 2017, Burlington acknowledged receipt of Hydro Horse's tender but denied coverage for the plaintiffs' claims on the basis that the claims fell within the Total Pollution Exclusion Endorsement found in Form CG 21 49 09 99.

21.    Burlington refused to defend Hydro Horse in connection with the referenced

litigation.

22. Burlington refused to indemnify Hydro Horse in connection with the referenced litigation.

## VII. FIRST CLAIM FOR RELIEF – DECLARATORY JUDGMENT

23. Based upon the foregoing facts and allegations, there presently exists a live and justiciable controversy as to whether a duty to provide insurance coverage to and a duty to defend Hydro Horse exists under the Policy as to the claims asserted against Hydro Horse in the Lawsuit.

24. There further exists a live and justiciable controversy as to whether Hydro Horse is entitled to reimbursement from Burlington for past and future defense costs and potential liability judgment costs arising from the claims in the underlying Lawsuit.

25. Hydro Horse seeks a declaration that Burlington is obligated to defend and indemnify Hydro Horse under the circumstances alleged in the underlying lawsuit.

## VIII. SECOND CLAIM FOR RELIEF – BREACH OF CONTRACT

26. Plaintiff incorporates by reference all of the allegations contained within this Complaint as though fully set forth herein.

27. Under the insurance contract, Burlington promised to pay all damages the insured becomes legally obligated to pay because of "bodily injury" or "property damage" to which the insurance applies and assumed the duty to defend Plaintiff. Exhibit A.

28. Burlington breached this contract by refusing to defend or indemnify Hydro Horse in its denial of coverage or defense. Exhibit B.

29. Burlington's refusal to defend or indemnify Hydro Horse constituted a breach of

the contract of insurance for reasons that include, but may not be limited to, the following:

    a.    Under the terms of the Policy, Burlington had potential coverage for part or all of the claims that had been alleged against Hydro Horse;

    b.    Burlington had a duty to defend Hydro Horse and to assume all reasonable costs of defense under the terms of the Policy;

    c.    In determining whether or not to extend a defense, Burlington had a duty to resolve any doubts about coverage in favor of Hydro Horse.

## IX.    THIRD CLAIM FOR RELIEF – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

30.    Plaintiff incorporates by reference all of the allegations contained within this Complaint as though fully set forth herein.

31.    Burlington had a duty of good faith and fair dealing arising from its insurance contract with Plaintiff.

32.    Burlington's refusal to defend or indemnify Hydro Horse constituted a breach of the covenant of good faith and fair dealing for reasons that include, but may not be limited to, the following:

    a.    Burlington did not investigate or properly analyze the matter before Burlington made its decision to deny coverage and refuse to defend;

    b.    Burlington did not give appropriate or equal consideration to the interests of its insured before Burlington made its decision to deny coverage and refuse to defend;

    c.    Burlington has asserted policy defenses, that are not supported by the language of the Policy itself;

   d.  Burlington has denied Hydro Horse's rights under the Policy, including Hydro Horse's rights to a defense and/or indemnity, with knowledge of, or in reckless disregard of, the absence of a reasonable basis to do so; and

   e.  Burlington has otherwise committed acts constituting an unfair claims settlement practice under W.S. § 26-13-124.

  33.  The acts and omissions of Burlington were based upon conscious decisions by the employees, agents, and other representatives of Burlington.  The employees, agents, and representatives of Burlington were at all times acting within the scope of their authority and employment with Burlington.  The employees, agents, and representatives of Burlington acted and/or failed to act with knowledge that there was no reasonable basis to support their decisions and actions or with reckless disregard of the absence of any such basis to support their decision or action.

  34.  As a result of Burlington's failure to defend Hydro Horse, Hydro Horse has incurred attorneys fees, witness fees, costs, and other legal expenses in an amount to be proven at trial in its defense of the referenced Lawsuit.  These expenses should have been paid by Burlington.

  35.  Pursuant to W.S. § 26-15-124, Burlington's refusal to pay the costs of defense incurred by Hydro Horse constitutes a denial of payment without a reasonable basis and/or without cause, such that Hydro Horse should be permitted to recover attorneys fees and interest in accordance with the terms of this statute.

  36.  As a result of Burlington's failure to defend and/or indemnify Hydro Horse, Hydro Horse has incurred exposure to losses, which are covered under the terms of the Policy,

and may incur additional losses of a similar nature.  Burlington's refusal to defend, negotiate, and indemnify Hydro Horse from these losses has exposed Hydro Horse to the prospect of financial ruin and has denied Hydro Horse access to insurance benefits that Hydro Horse purchased and for which Hydro Horse paid substantial premiums.

37. The acts and omissions of Burlington occurred under circumstances that demonstrate intentional and conscious disregard of Hydro Horse's rights and that further constitute willful and wanton misconduct on the part of Burlington such that punitive damages should be assessed.

**WHEREFORE,** Hydro Horse respectfully requests the following relief:

1. That the Court declare that Burlington has and continues to breach its duty to defend Hydro Horse in the Lawsuit;

2. That the Court declare that Hydro Horse has valid and enforceable rights against Burlington for reimbursement of defense costs;

3. That the Court declare that Hydro Horse has valid and enforceable rights against Burlington for coverage under the Policy for claims asserted by plaintiffs in the Lawsuit; and

4. That the Court enter Judgment awarding Hydro Horse its just damages, together with prejudgment interest and the costs of this suit including attorneys' fees and interest pursuant to W.S. § 26-15-124, and awarding Hydro Horse indemnity for any losses that it may sustain as a result of any judgment or settlement of the referenced Lawsuit, awarding Hydro Horse additional compensatory damages, and awarding Hydro Horse additional punitive damages to serve as a deterrence to Burlington and other similar situated entities.

5. That the Court grant such other and further relief to Hydro Horse as the Court

deems just and proper.

Dated this 12th day of February, 2021.

   /s/ Kelly A. Rudd
Kelly A. Rudd
Christine Lichtenfels
Baldwin, Crocker & Rudd, P.C.
337 Garfield Street
P.O. Box 1229
Lander, WY  82520
Phone: (307) 332-3385
Fax: (307)332-2507
christine@bcrattorneys.com
rudd@bcrattorneys.com
*Attorneys for Plaintiff Hydro Horse 1, Inc.*

Heidi L. Mandt, OSB #953459
(*pro hace vice* pending)
hmandt@williamskastner.com
WILLIAMS KASTNER
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967
Fax: (503) 222-7261
*Attorney for Plaintiff Hydro Horse 1, Inc.*

## JURY DEMAND

Plaintiff, Hydro Horse 1, Inc., by and through their attorneys, hereby request a trial by jury in the above-entitled cause of action.

Dated this 12th day of February, 2021.

   /s/ Kelly A. Rudd
Kelly A. Rudd
Christine Lichtenfels

Baldwin, Crocker & Rudd, P.C.
337 Garfield Street
P.O. Box 1229
Lander, WY  82520
Phone: (307) 332-3385
Fax: (307)332-2507
christine@bcrattorneys.com
rudd@bcrattorneys.com
*Attorneys for Plaintiff Hydro Horse 1, Inc.*


Heidi L. Mandt, OSB #953459
(*pro hace vice* pending)
hmandt@williamskastner.com
WILLIAMS KASTNER
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967
Fax: (503) 222-7261
*Attorney for Plaintiff Hydro Horse 1, Inc.*